IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Alan Diaz<br><br>Plaintiff,<br><br>vs.<br><br>Rawlings Company, Aetna Insurance and the Capital Health System<br><br>Defendants. | DOCKET NO.:<br><br>**Civil Action**<br><br>**COMPLAINT** |

Parties

1. Plaintiff, Alan Diaz, at all times relevant herein is an adult individual residing 908 Berkeley Avenue, Apartment 1, Trenton NJ 08618 and State of New Jersey.

2. Upon information and belief, Defendant, Aetna Health Insurance "AETNA" is a corporation with a principal place of business at 151 Farmington Avenue, Hartford, CT 06156.

3. Upon information and belief, and at all times relevant herein, Defendant AETNA acted in its capacity as Fiduciary and/or Plan Administrator for the benefit plans of Capital Health Systems ("CAPITAL").

4. Upon information and belief, the Defendant CAPITAL is a corporation with a principal place of business located at 811 Executive Dr, in the Borough of Princeton, County of Mercer and State of New Jersey.

5. Upon information and belief defendant Rawlings Company ("RAWLINGS") is an entity engaged in the collection on behalf of AETNA and/or CAPITAL with its Principal offices maintained at One Eden Parkway, La Grange, Kentucky.

## Nature of Action

5. Defendants, thorough its agents, employees, servants and/or assigns, seeks to enforce subrogation upon Plaintiffs recovery for the full amount paid to medical providers by claiming a right under ERISA.

## Jurisdiction and Venue

6. Jurisdiction is invoked pursuant to 28 USC Section 1331 as the Defendants have made claims pursuant to ERISA right of subrogation, a federal question.

7. Venue is properly within the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Sec. 1391 since a substantial part of the events or omissions giving rise to this claim occurred the venue of the United States District Court of New Jersey.

## Factual Background

8. On or about June 13, 2009, Plaintiff Alan Diaz sustained serious injuries, including but not limited to traumatic brain injury resulting from a trip and fall at the multi-tenant residential complex where he was a tenant.

9. On or about December 12, 2010 Plaintiff Alan Diaz, by way of his attorneys, filed a complaint in the Superior Court of New Jersey seeking recovery for pain and suffering, lost income, reimbursement of medical bills.

10. On or about the aforementioned litigation was settled for an amount well below the true value of the claim as the risk of liability was a significant consideration in the agreed upon settlement.

11. At all times relevant herein, Plaintiff Alan Diaz had been the beneficiary to health insurance coverage requiring Defendant to indemnify Plaintiff and submit payments for the cost of medical care incurred by Plaintiff Alan Diaz.

12. Upon information and belief, Defendant AETNA has made payments of $22,250.08 to various medical facilities and providers of Plaintiff Alan Diaz See exhibit "A".

13. At all times relevant herein, Defendants, through employee(s), agent(s), assignee(s)and/or servant(s) have sought to enforce an alleged subrogation right against Plaintiff in a recovery in a third party claim for the amount paid and refused to permit Plaintiff to retain certain funds recovered.

### Count One

14. The Plaintiff re-alleges the previous paragraphs as if fully set forth herein.

15. At all times herein, the State of New Jersey maintained anti-subrogation regulation and law which specifically and narrowly regulates entities engaged in health insurance in New Jersey.

16. At all times relevant herein, the aforesaid regulation is exempt from the federal preemptions effects of ERISA by the saving clause.

17. The Defendants, and each of them, has/have no legal or equitable remedies avail to assert a claim for reimbursement of medical payments in the third party claims.

WHEREFORE, Plaintiff demands judgment against Defendants declaring:

A. That Defendant(s) possess(es) no subrogation right for reimbursement of payment made to the medical providers;

B. That Defendant(s) have no right to assert a claim for reimbursement from the recovery of Plaintiffs' third party claims;

C. That the Defendant(s) have no right of reimbursement for payments made to medical providers that treated Plaintiff Alan Diaz for medical conditions not related to his injuries; and any other relief that the court deems fair and just.

### Count Two

18. Plaintiffs alleges and incorporates the allegations contained in the previous paragraphs as if fully set forth herein.

19. Defendants claims for full repayment and/or reimbursements violates 29 USCA Section 502(a)(3) in that the aforesaid statute limits Defendants' right of reimbursement to appropriate equitable relief and Defendants' claim for full repayment/reimbursement provides Defendants with an inequitable windfall, requires that Plaintiff incur all costs and risk to recovery said funds, fails to properly apportion the limited compensation Plaintiffs received, conflicts with the made whole doctrine and other equitable remedies.

20. Defendant seeks unjust enrichment to the detriment of the Plaintiff in this matter.

WHEREFORE, Plaintiffs demand that this Court declare that Defendant is limited to equitable relief, including requiring Defendants to share equitably in the attorney's fees and costs, requiring Defendants to limit its recovery to a pro-rata amount based upon equitable apportionment of the damages, and any other relief that the court deems fair and just.

## Count Three

22. Plaintiff alleges and incorporates the allegations contained in the previous paragraphs as if fully set forth herein.

23. Defendants asserts language the benefit plan that Plaintiff was not on equally situated to negotiate the terms of said plan, nor was Plaintiff aware of terms of said plan that Defendant relies upon namely the interpretation terms in the plan, first priority recovery, lien on non-medical recovery, make the plan whole and asserting duty to non-participants in the plan.

24. The plan contains language is unconscionable and unenforceable under Defendants' limited ability for appropriate equitable relief.

WHEREFORE, Plaintiffs demand that the Court declare that specific terms of the plans are unconscionable and unenforceable.

## Count Four

25. Plaintiff alleges and incorporates the allegations contained in the previous paragraphs as if fully set forth herein.

26. Plaintiff has requested that the Defendants supply Plaintiff with the appropriate forms (5500) upon which the Defendants base their entitlement to reimbursement.

27. Defendants have failed to provide said information essential to the basis for their claims.

WHEREFORE, Plaintiffs demand that the Court declare that specific terms of the plans are unconscionable and unenforceable.

Law Offices of
**KAMENSKY COHEN RIECHELSON**

_____
Philip Cohen, Esquire
194 South Broad Street
Trenton, New Jersey 08608
Attorneys for Plaintiff

Pcohen@kcrlawfirm.com

Date 11-4-15